UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Keisha Sutton<br>　　　　Plaintiff,<br><br>v.<br><br>Chimko & Associates, P.C.<br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Keisha Sutton is a natural person who resides in Flint, County of Genesee, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Chimko & Associates, P.C (hereinafter "Defendant Chimko") is a Michigan Professional Corporation and is, upon information and belief, a collection agency whose registered agent is Darryl J. Chimko and whose registered agents mailing address is 1613 Scenic Hollow Rochester Hills, MI 48306 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime prior to July 2003, Plaintiff incurred a financial obligation, purchase of a vehicle from RPM Auto Sales, Inc., that was primarily for personal, family or household purposes.

7. On July 22, 2003, RPM Auto Sales, Inc. filed a lawsuit 03-4553-GC in the 68th District Court against Plaintiff for non-payment of monies based on the sale of that vehicle. RPM was represented by Michelle Ridley.

8. RPM obtained a default judgment against Plaintiff on November 17, 2003.

9. On information and belief, at no time, according to Court Records, did RPM Auto Sales, Inc. or Defendant file a Subpoena for a Debtors Examination pursuant to MCL 600.6110 with the 68th District Court.

10. Based upon the Court record, Defendant never entered an appearance in 03-4553-GC.

11. On or about July 12, 2010, Defendant and/or its agent called Plaintiffs' mother Mattie E. Sutton-Carr ("Mattie")

12. Defendant made several representations to Mattie, including:

    a. He was trying to get into touch with Keisha;
    b. Keisha was supposed to be in court;
    c. Asking Mattie to have Keisha call him at 248-284-1677;
    d. Defendant didn't want to send a sheriff out to Keishas' house.

13. Defendant's agent, Dennis Paul, then began discussing Plaintiff's debt directly with Akieem telling him that Defendant had a warrant for Plaintiffs' arrest and that he was going to have the Sheriff come out to the house if Plaintiff did not pay the debt.

14. Plaintiff called Defendant and spoke to Dennis Paul. Plaintiff inquired about why the Sheriff would arrest her.

15. Dennis Paul informed Plaintiff that she had failed to show up to Court, and that if she did not pay $50 by July 20, 2010 that she would be arrested.

16. Plaintiff was embarrassed by the communication of the debt to her mother, Mattie, and her boyfriend, Akieem.

17. Defendants representations caused Plaintiff to worry about being arrested, fear driving because she might be pulled over and arrested, and caused her to suffer mental anguish and lose sleep.

18. Defendant's actions were done in attempt to collect a debt and violated provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(2), 1692c(b), 1692e(4), 1692e(5), 1692g(a) and 1692e(10).

## CAUSES OF ACTION

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of each and every Defendant constitute violations of the FDCPA including, but not limited to the following. provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. By stating to both Mattie and Akieem that Defendant would have a sheriff take her property, Defendant violated 15 U.S.C. § 1692b(2).

22. By providing a call back telephone number to Mattie to give to Plaintiff, Defendant violated 15 U.S.C. § 1692b(2).

23. By communicating with Mattie and Akieem in connection with collection of a debt without the prior consent of Plaintiff, Defendant violated 15 U.S.C. § 1692c(b).

24. By communicating false, deceptive, and misleading information that Plaintiff would be arrested by the Sheriff, Defendant violated 15 U.S.C. § 1692e(4).

25. By communicating false, deceptive, and misleading information that Plaintiffs' property would be seized by the Sheriff when Defendant had not filed a Notice of Appearance with the 68th District Court and did not have a valid Order to Seize Property in its possession, Defendant violated 15 U.S.C. § 1692e(4).

26. By communicating false, deceptive and misleading information when Defendant threatened Mattie, Akieem, and Plaintiff that Plaintiff would be arrested and her property seized, Defendant violated 15 U.S.C. § 1692e(5).

27. On information and belief, Defendant violated 15 U.S.C. § 1692(g)a when it failed, within five (5) days after initial communication with Plaintiff in connection with collection of a debt, to send a written notice containing information found in 15 U.S.C. § 1692(g)a (1) – (5).

28. Defendant violated 15 U.S.C. § 1692e(10) when it claimed Plaintiff would be arrested for not paying a debt, when it failed to send the notice required by 15 U.S.C. § 1692(g)a because these were a false representations or deceptive means to collect any debt.

29. Defendant violated 15 U.S.C. § 1692e(10) when it claimed that Plaintiff would be arrested for not paying a debt in order to obtain location information from Mattie because this was a false representation or deceptive means to obtain information concerning a consumer.

30. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays :

A.    for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)

B.    for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A)

C.    for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3)

D.    for such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7.  Fed.R.Civ.P. 38.

Respectfully submitted,

Dated: September 30, 2010    /s/ Andrew L. Campbell
Attorney for Plaintiff
653 S. Saginaw Street, Suite 201
Flint, MI  48502
(810) 232-4344
hundy24@yahoo.com
P64391

Dated September 30, 2010    /s/ Michael O. Nelson
Co-counsel for Plaintiff
1104 Fuller NE
Grand Rapids, MI 49503
(616) 559-2665
mike@mnelsonlaw.com
P23546